<u>Via Email:</u> **temporary_pro_se_filing@nysd.uscourts.gov**
Attention: **United States District Judge, Mary Kay Vyskocil**
United States District Court - Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 105
New York NY 10007

February 9, 2023

**Re: Docket # 23CV198** - Jane Doe v. NYC Department of Education and Named Defendants
                (*AMENDED Complaint w/Pseudonym*)

Dear U.S. District Judge Mary Kay Vyskocil:

      I am the Plaintiff in the above-referenced case. I received by mail the Order granting Defendant DOE 60 additional days to respond to the Complaint. I respectfully add to the record the following objections:

**1. Defendants intentionally failed to give Plaintiff required notice of their extension request.**

Notice of the Plaintiff prior to the grant of Defendant DOEs' request for extension is a requirement articulated in Your Honor's Individual Rules of Practice to afford Plaintiff an opportunity to respond. Defendant DOE has misled the court by claiming not to know how to reach Plaintiff. Defendant DOE has always known how and where to reach Plaintiff.

Plaintiff is easily located through the other named defendants Kim Wittmer, Lucious Young, and Norah Lovett with whom Plaintiff still shares a workspace at DOE headquarters and where the Human Resources staff are also housed who have access to Plaintiff's home address.

In the past, official documents from Defendant DOE's legal team were either sent by email and/or printed and delivered to Plaintiff's desk personally by the other named Defendant Kim Wittmer. The DOE's legal team worked intimately with the other named Defendant Kim Wittmer to prepare their Division of Human Rights position statement, as evidenced by their detailed defense of this other named Defendant Kim Wittmer's civil rights violations and acts abusing her authority. The other named Defendant Kim Wittmer is currently Plaintiff's supervisor. The relationship between these joint Defendants facilitates access and exchange of Plaintiff's contact information, at a minimum.

Furthermore, filing pro se with a pseudonym may not justify a denial of Plaintiff's full participation in the administrative exchange between the named legal parties. It is a grave injustice to a pro se Plaintiff choosing to file a case with a pseudonym to protect the identify of Plaintiff's minor child's identity and records, to be further victimized by Defendant DOE beyond the violative acts that prompted this case, through an administrative process that purports to protect the pro se Plaintiff.

Defendant DOE's misrepresentation to the court of its inability to locate Plaintiff is false, a violation of Your Honor's court rules and a denial of Plaintiff's right to assert her rejection, for the Judge's consideration, **prior** to the order being granted.

**2. Defendant's request of 60 days is unreasonable, excessive, and harmful to Plaintiff.**

Plaintiff is aware of the professional courtesy granted to Defendant DOE's attorneys. However, there is but a single Pro-se Plaintiff in this case. Defendants employ more than 80 full-time staff attorneys. The court adequately provided the standard 21 days for the collective attorneys to respond. Sixty (60) days of additional time to respond afford Defendant DOE ample opportunity to exercise their continued irreparable psychological and emotional harm of the Plaintiff through Defendant DOE and other named Defendants ongoing increased scrutiny, disparate treatment, professional isolation, public humiliation and falsification of facts, which will assuredly appear in Defendants complaint to this court, but were never asserted in either of Defendant DOE's EEOC and DHR position statements submitted in response to the same facts. Plaintiff is suffering every day from Defendants unabated unsafe, hostile work environment, unrelenting harassment, retaliation, employment discrimination, Civil Rights and American Disabilities Act violations which have accelerated since this case was filed in your court.

Mediation, which Your Honor has ordered, is intended to expeditiously dispose of the matter. A 60-day extension, for which at least two additional requests may be made and granted for the same time period, delays mediation of this matter for up to six months. Defendant DOE's abhorrent delay tactics should neither be tolerated nor encouraged by the court as it is a blatant disregard for the seriousness of the Defendant DOE's violations for which this case is brought to your court for fair and just adjudication, indifference to the legal process, in general and disrespect for Your Honor's court rules, in particular.

Consequently, the Defendant DOE's preliminary acts in response to the initiation of this case already demonstrate their deliberate manipulation of the legal process and further establish the Defendants' habitual practice of denying Plaintiff rights now to a quick and speedy resolution of Defendants' Civil Rights, Employment, and American Disabilities Act violations, for which Your Honor has already ordered mediation.

**3. The other named Defendants failed to make a timely submission or request for extension.**

The other named Defendants Linda Chen, Kim Wittmer, Lucious Young, and Norah Lovett were listed as individual defendants in Plaintiff's complaint and were all served individually within the regulations. A timely response from all named parties listed in the complaint were due to the court on February 7, 2023, by their legal representatives or as pro-se defendants. Defendant DOE admits in its request for an extension that a "representation decision" has not been made by their office to represent the other named defendants, therefore, Defendants DOE are not the legal representatives for the other named Defendants. Failure by the other named defendants to respond timely is in violation of their legal obligation to your court. Their failure to abide by court requirements constitutes sufficient grounds for the court to find in Plaintiff's favor against all other named Defendants in this case.

**Therefore,** Plaintiff respectfully requests that the order granting 60 additional days to Defendant DOE be denied. Plaintiff courteously asks that the extension be amended to grant Defendants no more than 21 days.

Plaintiff further respectfully requests that the court issue a summary judgement in favor of Plaintiff against the other named Defendants to this case because they have all failed to submit responses to the complaint by the February 7, 2023, deadline.

Finally, to preclude Defendant DOE's further violations of Plaintiff's right to notice in the future, Plaintiff also respectfully asks that any submission by the Defendant be mailed to Plaintiff prior to a decision by the court.

Sincerely,
Jane Doe