USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION (NYC DOE), *et al.*,

                Defendants.

1:23-cv-00198 (MKV)

**OPINION AND ORDER DENYING MOTION TO PROCEED UNDER A PSEUDONYM AND DENYING MOTION FOR DEFAULT JUDGMENT**

MARY KAY VYSJOCIL, United States District Judge:

    Plaintiff, proceeding *pro se* under the pseudonym "Jane Doe," filed this action against Defendants New York City Department of Education ("DOE"), Linda Chen, Kimberly Wittmer, Lucious Young, and Nora Lovett (collectively, "Defendants"), asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

    The following motions are pending before the Court: (1) Plaintiff's motion to proceed under a pseudonym [ECF No. 18]; (2) Plaintiff's amended motion to proceed under a pseudonym [ECF No. 20]; (3) Plaintiff's motion for default judgment [ECF No. 24]; (4) Plaintiff's motion "to deny defendants [sic] request to set aside motion for default judgment" [ECF No. 33]; and (5) Defendant's request for a pre-motion conference [ECF No. 27]. For the following reasons, the motions are DENIED.

    Finally, although not styled as a motion, this Order also addresses Plaintiff's letter dated June 13, 2023 that seeks "a determination against the Defendant(s) for violation of the Federal Rules of Civil Procedure, Rule 5." [ECF No. 50.] That request is also DENIED.

1

## BACKGROUND

This is an employment discrimination case. Plaintiff has worked for the DOE since 2012. *See* Second Amended Complaint 6 [ECF No. 22] ("SAC"). Plaintiff alleges that she is "psychologically disabled" and was subjected to discrimination, harassment, and unlawful retaliation at work. SAC 1, 4.

Plaintiff commenced this action in January 2023 by filing her complaint.[1] Complaint [ECF No. 1]. The same day, Plaintiff filed a motion for a preliminary injunction. Prelim. Mtn [ECF No. 2]. Because the complaint was filed under a pseudonym, Plaintiff had not yet served Defendants, and her alleged harm appears to be compensable by money damages, the Court denied that motion. Order [ECF No. 4] ("January 13, 2023 Order"). The Court directed Plaintiff to serve Defendants and to submit a declaration explaining why she should be permitted to proceed anonymously. *See* January 13, 2023 Order. Plaintiff thereafter moved for leave to proceed under a pseudonym. *See* Motion [ECF No. 18]; Amended Motion [ECF No. 20] ("Pl. Mem.").

Defendants appeared shortly thereafter and sought an extension of time to respond to the Complaint. *See* Notice of Appearance [ECF No. 9]; First Letter Motion [ECF No. 12]. The Court extended the deadline to respond. Order [ECF No.16]. Defendants failed to respond by that extended date, however, and Plaintiff filed a motion for default judgment. Motion for Entry of Default [ECF No. 24]. Two days later, Defendants filed a pre-motion letter, explaining that they failed to respond due to a calendaring error, and seeking leave to move to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Letter Response [ECF No. 26]; First Letter Motion [ECF No. 27.] In response, Plaintiff filed a motion titled "motion to deny defendants [sic] request to set

---

[1] Without seeking leave of the Court, Plaintiff subsequently filed an Amended Complaint, [ECF No. 3], and a Second Amended Complaint [ECF No. 22].

aside motion for default judgment." [ECF No. 33.] The Clerk's Office subsequently declined to issue Plaintiff a certificate of default because Defendants' pre-motion letter was pending.

On June 13, 2023, Plaintiff filed a letter requesting "a determination against the Defendant(s) for violation of the Federal Rules of Civil Procedure, Rule 5." Letter [ECF No. 50]. Specifically, Plaintiff alleged that "Defendant(s) failed to serve Plaintiff on multiple occasions." Letter [ECF No. 50]. Defendants opposed the request, noting that Plaintiff's "mailing address [was] not available on the docket," "Plaintiff is proceeding as a Jane Doe," and that, notwithstanding the lack of service, "Plaintiff was regularly responding to Defendants' filings via the docket." Letter [ECF No. 51]. To facilitate service in the future, Defendants requested that Plaintiff provide her mailing or e-mail address to defense counsel. Letter [ECF No. 51].

## DISCUSSION

### I. Motion for Leave to Proceed under a Pseudonym

Plaintiff first moves to proceed under a pseudonym.[2] She contends that the "primary purpose" of the motion is to protect her minor child, who has "learning disabilities and ongoing mental health issues." Pl. Mem. 1–2. Specifically, Plaintiff "seeks to shield her minor child from any discriminatory harm that may be caused by a record of her mental health issues when she was a minor," particularly given her child's "interest in pursuing a career in the military." Pl. Mem. 2. Plaintiff also expresses concern that, if she litigates this case using her real name, Defendants will further retaliate against her. Pl. Mem. 6–7. Finally, Plaintiff contends that making her name public

---

[2] Plaintiff moved for leave to proceed under a pseudonym, [ECF No. 18], and four days later, without requesting leave of the Court, Plaintiff filed an amended motion for leave to proceed under a pseudonym. [ECF No. 20.] Given the Court's obligation to "liberally" construe pleadings filed by a *pro se* litigant, the Court has considered both filings, and resolves them simultaneously. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Defendants did not oppose either motion.

3

would put her "future employment prospects . . . at immense risk" because she fears developing a "reputation associated with suing her employer." Pl. Mem. 6.

    1.    <u>*Legal Standard*</u>

Under Federal Rule of Civil Procedure 10(a), a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings" and "cannot be set aside lightly" because "[t]he people have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Indeed, the public's right of access to judicial proceedings is "supported by the First Amendment." *Doe v. Skyline Autos.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015)).

In limited circumstances, however, district courts have discretion to permit a plaintiff to proceed under a pseudonym. *See Sealed Plaintiff*, 537 F.3d at 189. In evaluating a request to proceed anonymously, the Court must balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* The Second Circuit has identified ten non-exhaustive factors ("the *Sealed Plaintiff* factors") to consider in evaluating whether anonymity is appropriate:

1. Whether the dispute involves highly sensitive matters of a personal nature;
2. Whether identification poses a risk of retaliatory physical or mental harm to Plaintiff or innocent non-parties;
3. Whether identification presents other harms;
4. Whether Plaintiff is vulnerable in light of her age;
5. Whether the suit challenges actions of the government;
6. Whether Defendants are prejudiced by allowing Plaintiff to proceed anonymously;

7. Whether Plaintiff's identity has been kept confidential;

8. Whether the public's interest in the litigation is furthered by requiring Plaintiff to disclose her identity;

9. Whether, due to the purely legal nature of the issues presented, there is an atypically weak public interest in knowing Plaintiff's identity; and

10. Whether there are other methods for protecting Plaintiff's confidentiality.

*Id.* at 189–90. A district court is "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

In assessing the *pro se* Plaintiff's request to proceed anonymously, the Court must "liberally" construe her pleadings. *Id.* at 191.

2. *The* Sealed Plaintiff *Factors Overwhelmingly Weigh Against Anonymity*

The Court has considered each *Sealed Plaintiff* factor and, for the reasons discussed below, finds that Plaintiff's limited interest in anonymity does not outweigh the public's interest in disclosure. *See id.* at 189.

a. *Factor One Weighs Against Anonymity*

Notwithstanding Plaintiff's self-serving assertions to the contrary, claims of employment discrimination, harassment, and retaliation are *not* highly sensitive or personal in nature. *Id.* at 190; *cf. Doe v. McLellan*, No. 20-CV-5997, 2020 WL 7321377, at *1 (E.D.N.Y. Dec. 10, 2020) ("Courts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature."). The first factor weighs against anonymity.

b.      *Factors Two and Three Weigh Against Anonymity*

The Court is unpersuaded that identifying Plaintiff by name could "pose[] a risk of retaliatory physical or mental harm to [her] or innocent non-parties." To the extent that Plaintiff alleges that Defendants will retaliate against her or her minor child if her name is revealed, Plaintiff has already conceded that "Defendants are well aware of [her] identity." *See* Pl. Mem. 8. She also admits that "Defendants already involved Plaintiff's minor child in this case." Pl. Mem. 2. It is therefore unclear how permitting the plaintiff to prosecute her suit anonymously would mitigate the risk of retaliation towards her or her child. *See Doe v. United States*, No. 16-CV-7256, 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017) ("[T]o the extent that any such retaliatory motive exists, permitting the plaintiff to proceed anonymously would do nothing to protect him from future retaliatory actions because the Government is already aware of the plaintiff's identity.").

Plaintiff's concern regarding her future employment prospects is similarly unavailing. "[T]he potential injury alleged must be more than 'mere embarrassment' or 'social stigmatization.'" *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) (citation omitted). Such a concern surely attends in any employment or discrimination related case. Moreover, Plaintiff's purported concern is both entirely speculative and unsubstantiated. *See Skyline Autos.*, 375 F. Supp. 3d at 406 ("[S]peculative claims of physical or mental harms are insufficient to bolster a request for anonymity."); *see also Doe v. Related Cos.*, No. 22-CV-7683, 2022 WL 4357615, at *2 (S.D.N.Y. Sept. 19, 2022) ("[V]ague allegations . . . are insufficient to overcome the presumption of public access."). Plaintiff's concern about her minor child's "future interest in joining the military"—at some potential, hypothetical date in the future—fails for the same reason. Pl. Mem. 2.

c. *Factor Four Weighs Against Anonymity*

Plaintiff is *not* vulnerable in light of her age—she is an adult. *See Bolden v. Doe*, No. 22-CV-10555, 2023 WL 2465529, at *3 (S.D.N.Y. Feb. 21, 2023). Although Plaintiff contends that revealing her name would risk revealing the identity of her *minor* child, the Second Circuit has directed courts to focus on the age of the *plaintiff*, not associated third parties. *Sealed Plaintiff*, 537 F.3d at 190; *see also Doe v. Townes*, No. 19-CV-8034, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020). The fourth factor weighs against anonymity.

d. *Factor Five Weighs Against Anonymity*

Plaintiff contends that factor five weighs in favor of anonymity because she challenges actions of the government and its employees. It is true that "courts are less likely to grant a motion to proceed anonymously when the suit involves solely private parties, as compared to an action involving the government." *See Townes*, 2020 WL 2395159, at *5. However, "courts have also determined that [suing the government] can weigh *against* the use of a pseudonym. *Doe v. United States*, 2017 WL 2389701, at *3 (emphasis added). That is particularly true where, as here, "the involvement of the government indicates that there is a public interest in the facts of the incident at issue as opposed merely to a public interest in knowledge of the manner in which the courts function in resolving disputes." *Doe v. City of New York*, 201 F.R.D. 100, 102 (S.D.N.Y. 2001). Accordingly, the Court finds factor five weighs against anonymity.

e. *Factor Six Weighs Against Anonymity*

Plaintiff argues that there will be no prejudice to Defendants because they already know Plaintiff's identity. *See* Pl. Mem. 8. Even accepting that allegation as true, when a plaintiff makes "serious charges," courts have found that "[f]airness requires that [Plaintiff] be prepared to stand

7

behind her charges publicly." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). This Court agrees, and therefore finds that the sixth factor weighs against anonymity.

    f.  *Factor Seven Weighs in Favor of Anonymity*

To the Court's knowledge, Plaintiff thus far has kept her identity confidential from the public, but not from the Court or Defendant, as she has included her name in several sealed filings.[3] *See* Complaint [ECF No. 1]; Motion for Preliminary Injunction [ECF No. 2]. Accordingly, the Court finds that the seventh factor weighs in favor of anonymity. However, this factor is not dispositive.

    g.  *Factors Eight and Nine Weigh Against Anonymity*

The eighth and ninth factors further counsel against permitting Plaintiff to proceed under a pseudonym. Plaintiff broadly asserts—without support—that there is "reasonably no public interest in knowing [her] name." Pl. Mem. 8–9. However, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them" *including* "the identity of the parties." *Shakur*, 164 F.R.D. at 361 (citing *United States v. Amodeo*, 71 F.3d 1044, 1047–49 (2d Cir.1995)). Moreover, this case does not involve "abstract challenges to public policies, but rather . . . particular actions and incidents." *N. Jersey Media Grp. v. Doe Nos. 1-5*, No. 12-CV-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012). Accordingly, the Court finds that open proceedings will "benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Id.*

---

[3] The filings that include Plaintiff's real name were made under seal without Court authorization.

h. *Factor Ten Weighs Against Anonymity*

Finally, there are other (less drastic) mechanisms for protecting Plaintiff and her minor child's privacy, such as appropriate, narrow redactions or sealed submissions. *See Weinstein*, 484 F. Supp. 3d at 98. The tenth factor therefore counsels against anonymity.

3. <u>The Balance of Interests Weighs Against Anonymity</u>

The Court finds that the *Sealed Plaintiff* factors overwhelmingly weigh against permitting Plaintiff to proceed anonymously. Plaintiff acknowledges that there are "numerous cases with named Plaintiffs who have filed similar discrimination cases against the DOE." Pl. Mem. 9. Her case is no different. She should be prepared to litigate this case under her real name—or not at all.[4]

**II.     Motion for Default Judgment**

Plaintiff also moves for default judgment.[5]  [ECF Nos. 24, 33.] Obtaining a default judgment is ordinarily a two-step process. *See* Fed. R. Civ. P. 55. First, the plaintiff must have the Clerk of Court "enter the [opposing] party's default" pursuant to Rule 55(a). *See* Fed. R. Civ. P. 55(a). Then, the party may move for a default judgment from the Court pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). "[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999).

The Clerk did not enter a certificate of default in this case and a default judgment may, therefore, not issue. *See* Fed. R. Civ. P. 55; *see also* Individual Rules of Practice in Civil Cases

---

[4] In the alternative, Plaintiff asks that the case proceed under seal. That request is DENIED in light of the presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116 (2d Cir. 2006).

[5] The Court construes Plaintiff's motion "to deny defendants [sic] request to set aside motion for default judgment" as an amended motion for default judgment. [ECF No. 33.] As with the motion for leave to proceed under a pseudonym, the Court has considered both filings and resolves them simultaneously. *See Sealed Plaintiff*, 537 F.3d at 191.

9

Attachment A.1. In any event, default judgments are "generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). This is not such a rare occasion. Defendants have responded to the Complaint, although they did so three days late. Plaintiff was not prejudiced by this delay, as her motion to proceed under a pseudonym was still pending. Moreover, Defendants' pre-motion letter identifies several potentially meritorious defenses. *See* Letter Motion [ECF No. 27]. Accordingly, the motion for a default judgment and the motion "to deny defendants [sic] request to set aside motion for default judgment" are DENIED. *See Moriani v. Hunter*, 462 F. Supp. 353, 355 (S.D.N.Y. 1978) (finding "a default judgment [was] not warranted" where the default was "merely technical" and "plaintiff was not prejudiced by the delay"); *Winkler v. Friedman*, No. 12-CV-3893, 2013 WL 3226763, at *4 (E.D.N.Y. June 25, 2013) (denying motion for default judgment where "[t]he Clerk did not enter default," "the untimely filing [did] not appear egregious, [the plaintiff] was not substantially prejudiced, and motion practice [was] proceeding").

### III. Plaintiff's June 13, 2023 Letter

Finally, the Court DENIES Plaintiff's request for "a determination against the Defendant(s) for violation of the Federal Rules of Civil Procedure, Rule 5." Plaintiff alleges that Defendants failed to serve her several times. Letter [ECF No. 50]. Defendants respond that it has not served Plaintiff because her mailing address is not on the docket, but request that she provide her mailing address to facilitate service in the future. Letter [ECF No. 51].

Rule 5 outlines when service is required and how it is to be made. *See* Fed. R. Civ. P. 5. Plaintiff's mailing address is not available on the docket, nor has it been provided to Defendants. Further, the summonses issued in this case were returnable only to "Jane Doe." [*See* ECF No. 7.] In the event that Plaintiff chooses to continue litigating this case under her real name, she is

10

directed to enter a notice of appearance with her mailing address. *See* Fed. R. Civ. P 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented" and "must state the signer's address, e-mail address, and telephone number.").

## **CONCLUSION**

For the above reasons, Plaintiff's motion and amended motion for leave to proceed under a pseudonym is DENIED. Plaintiff is HEREBY DIRECTED to file the complaint in her own name on or before August 29, 2023. Plaintiff's motion for a default judgment is DENIED, as is Plaintiff's motion "to deny defendants [sic] request to set aside motion for default judgment." Defendant's request for a pre-motion conference is DENIED with leave to renew after Plaintiff files the Complaint in her own name. Plaintiff's request for "a determination against the Defendant(s) for violation of the Federal Rules of Civil Procedure, Rule 5" is DENIED.

The Clerk of Court is respectfully requested to terminate docket entries 18, 20, 24, 27, and 33. The Clerk of Court is further requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record.

**SO ORDERED.**

Date: **August 15, 2023**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**